Mark Brnovich
Attorney General
Firm State Bar No. 14000

Christopher J. Dylla
Assistant Attorney General
AZ Bar No. 027114
Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-8389
Facsimile: (602) 542-4273
Email: Christopher.Dylla@azag.gov
Attorneys for the State of Arizona
 *ex rel*. Arizona Department of Revenue

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>KUSHUNE DENISE ALLEN,<br>SSN: XXX-XX-8761<br><br>Debtor. | Chapter 13<br><br>Case No. 2:20-bk-01580-EPB<br><br>**OBJECTION TO CONFIRMATION OF ORIGINAL CHAPTER 13 PLAN**<br><br>Docket No. 21 |

The State of Arizona *ex rel.* Arizona Department of Revenue ("Department") objects to the *Original Chapter 13 Plan* ("Plan") filed by Kushune Denise Allen ("Debtor") on March 3, 2020 as follows:

1. The Department is the agency empowered and entitled to enforce Arizona tax laws and regulations, including but not limited to individual income taxes, transaction privilege taxes ("TPT") and withholding taxes ("WTH"). A.R.S. §§ 43-208; 42-1004 *et seq.*; 43-101 *et seq.*

2. The Debtor is an individual residing in the State of Arizona and upon information and

BCE19-02653

belief is required to file and pay certain tax liabilities to the Department, including individual income taxes. *See* A.R.S. §§ 43-301, 43-501.

3. The Department filed a proof of claim establishing a priority claim in the amount of $5,208.00. A true and accurate copy of the Department's *Original Proof of Claim* ("Claim") dated February 18, 2020 is No. 1-1 on the Court's Claims Register. In addition, the Department's Claim indicates that the Debtor has failed to file the tax return indicated below ("Outstanding Return"):

| Income | 2011 |
|---|---|
| TPT | Not Applicable |
| WTH | Not Applicable |

4. As indicated in the Department's Claim, the Debtor has failed to file all tax returns. Moreover, the Plan cannot be confirmed until such time that the Debtor files the Outstanding Return. Signed, dated, and non-redacted copies of the returns with all federal form W-2s and Federal Schedule A, as applicable, may be sent to Richard.Graves@azag.gov, which the Department will accept as filed on the date that they are received by the Attorney General's Office.

5. The Department's Claim is entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(8)(A). The Plan is required to provide payment in full of all priority claims, unless the claimant agrees otherwise. 11 U.S.C. § 1322(a)(2). Here, the Department has not agreed to different treatment than what Section 1322 requires and the Plan does not provide for the full payment of the Department's priority claim. Therefore, the Plan cannot be confirmed. 11

2

U.S.C. § 1325(a)(1).

6. The Department's Claim consists of liabilities that were either: (1) filed late and within two years of the current bankruptcy; or (2) filed after the commencement of this bankruptcy. These obligations are non-dischargeable under the "Two Year Rule" and the Department requests that language be included within an order of confirmation to clarify as much. 11 U.S.C. §§ 523(a)(1)(B)(ii), 1328(a)(2), *In re Savaria*, 317 B.R. 395 (B.A.P. 9th Cir. 2004). The Department suggests the following:

> To the extent that the Arizona Department of Revenue's non-dischargeable liabilities are not paid in full through pro rata distributions under the Debtor's Plan or through direct payments outside of the plan, the unpaid balance along with postpetition and post-confirmation interest shall **not** be discharged in accordance with 11 U.S.C. §§ 523(a)(1)(B)(ii) and 1328(a).

7. The Department reserves the right to amend, supplement, or withdraw its objection to confirmation.

## Conclusion

Any Chapter 13 plan proposed by the Debtor must provide for and eliminate the objections specified herein in order to be reasonable and to comply with applicable provisions of 11 U.S.C. § 1325. Since the Plan, as it is currently proposed, does not comply with 11 U.S.C. § 1325, the Plan cannot be confirmed.

WHEREFORE, the Department prays as follows:

1. That Confirmation of the proposed Chapter 13 Plan be denied, or in the alternative, that the Plan be amended or modified to remedy the Department's objections herein;

3

2. That failure of the Debtor to amend or modify the Plan to conform with the Bankruptcy Code in a reasonable time, that the Court dismiss or convert this case to a Chapter 7; and

3. For such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 15th day of April, 2020.

                MARK BRNOVICH
                Attorney General

Christopher J. Dylla
2020.04.08
11:16:39 -07'00'

/s/ C.D. No. 027111

Christopher J. Dylla
Assistant Attorney General
Attorney for the State of Arizona
  *ex rel.* Arizona Department of Revenue

ORIGINAL of the foregoing filed electronically this 15th day of April, 2020 with:

United States Bankruptcy Court
District of Arizona

COPY of the foregoing sent by U.S. Mail or by email* this 15th day of April, 2020 to:

Thomas A. McAvity, Esq.*
Phoenix Fresh Start Bankruptcy Attorneys
4602 East Thomas Road, Suite S-9
Phoenix, AZ 85028
Email: tom@nwrelief.com
*Attorney for Debtor*

Edward J. Maney*
101 North First Avenue, Suite 1775
Phoenix, AZ 85003
Email: service@maney13trustee.com
*Chapter 13 Trustee*

R. Scott Graves
2020.04.15
13:43:44
-07'00'

/s/ R. Scott Graves
BCE19-02653